IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RAYTHEON COMPANY § | |
| § | |
| v. § | Case No. 2:15-cv-341-JRG-RSP |
| § | |
| SAMSUNG ELECTRONICS CO., LTD., ET § | |
| AL. § | |

**ORDER GRANTING MOTION TO STAY**

Pending before the Court is Defendants'[1] Motion to Stay (Dkt. No. 93) which asks the Court to stay this case because the PTAB has instituted IPR on all claims of the Asserted Patent.[2] Defendants argue that a stay pending IPR decision is warranted: (1) Plaintiff will not suffer prejudice because the asserted patent is expired, (2) the case is at a relatively early stage, and (3) the PTAB's decision may significantly simplify the issues in this case (or indeed entirely eliminate the case if all claims are found invalid). (Dkt. No. 93). Plaintiff Raytheon Company ("Raytheon") opposes a stay, arguing that Defendants have engaged in gamesmanship in discovery and in the timing of their filing of petitions for IPR. (Dkt. No. 109). Raytheon argues that, because not all defendants have agreed to be bound by 35 U.S.C. § 315(e)(1), the non-Sony Defendants could still file additional IPRs and thereby further prolong resolution of this case.

---

[1] "Defendants" refers to: Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Sony Mobile Communications (USA) Inc., Sony Semiconductor Corporation, Sony EMCS Corporation, Sony Mobile Communications Inc., Sony Mobile Communications AB, (collectively, "Sony defendants"), OmniVision Technologies, Inc. ("OmniVision"), and Apple Inc. (an indemnitee of Sony and OmniVision) ("Apple"), Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Semiconductor Inc. (collectively, "Samsung").

[2] IPR2015-01201, Paper No. 6 at 23 (PTAB Dec. 3, 2015) ("ORDERED that pursuant to 35 U.S.C. § 314(a), an *inter partes* review is hereby instituted as to claims 1–18 of [Patent No. 5,591,678]").

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

**Undue prejudice.** This factor favors a stay. The asserted patent is expired, and thus there is no possibility of continuing harm to Raytheon from infringement. Raytheon can only recover damages for past infringement, so prejudgment interest can adequately redress any delay. Moreover, at this juncture the Court will limit the scope of the stay to the instituted IPR only (IPR2015-01201). To the extent Raytheon believes that subsequent IPR petition(s) have been filed for a dilatory or improper purpose, it can advance those arguments in opposing a motion to extend the stay if and when subsequent IPR(s) are instituted by the PTAB.

**Advanced stage.** This factor is neutral. The proceedings are at a relatively early stage: discovery is not yet complete, expert disclosures and expert discovery have not yet taken place, the dispositive motions deadline is several months away, and trial is set for September 2016. *See* (Dkt. No. 88). However, the parties have exchanged disclosures under Pat. L.R. 3 & 4 and have completed claim construction briefing—these are non-trivial milestones in the patent litigation process. Accordingly, the stage of the case neither strongly favors nor strongly disfavors a stay.

**Simplifying the case.** This factor slightly favors a stay. If one or more asserted claims are invalidated, this will simplify the case by removing those claim(s). Even if the PTAB does

not invalidate the asserted claims, it will simplify the invalidity case to some extent. All Defendants have agreed to be bound by the estoppel provisions of 35 U.S.C. § 315(e)(2), meaning Defendants will be estopped from asserting invalidity in this litigation "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." (Dkt. No. 93 at 11).

Accordingly, Defendants' Motion to Stay (Dkt. No. 93) is **GRANTED** and this case is **STAYED**. The Parties are directed to submit a joint motion on the status of the case no later than **TEN DAYS** after the PTAB issues a final written decision with respect to IPR2015-01201. It is further **ORDERED** that all Defendants are bound by the estoppel provisions of 35 U.S.C. § 315(e)(2) as if each had filed IPR2015-01201 in its own name. *See* (Dkt. No. 93 at 11) (agreeing to be bound).

The stay ordered herein does not cover pending IPR petition IPR2016-0209, which has not yet been instituted by the PTAB. In the event that petition is instituted, Defendants may move the Court to extend the stay to encompass that proceeding.

The Court anticipates issuing an order requiring payment of the Court's technical advisor. Any forthcoming Order to Pay Technical Advisor is not covered by this stay, and the parties shall promptly comply with such order.

**SIGNED this 21st day of February, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE